## WHITFIELD ET AL. *vs.* CLARK ET AL.

[BILL IN EQUITY TO MARSHAL ASSETS, &C.]

1. *Deed of trust; when has preference over judgment, &c.*—A deed of trust for valuable consideration, duly recorded, supersedes a judgment previously rendered, but on which no execution had issued at the date of the deed after the lapse of a term.
2. *Execution; what destroys lien of.*—The lapse of a term destroys the lien obtained by an execution in the hands of the sheriff at the death of the defendant, and prevents the issue of a subsequent alias.
3. *Insolvent estate; claims against.*—Judgments rendered before a decree of insolvency of the debtor's estate must be filed in the probate court like other claims.
4. *Sale of land under execution; when will be enjoined at instance of mortgagee.* Equity will enjoin a sale of land under a judgment and execution to which it is not subject, at the suit of a mortgagee or trustee in a deed of trust.

APPEAL from the Chancery Court of Marengo.
Heard before Hon. A. W. DILLARD.

The facts are sufficiently stated in the opinion.

LYON & JONES and REAVIS, for appellant.
ROBT. H. SMITH, *contra.*

B. F. SAFFOLD, J.—The contest is between a judgment creditor and a creditor holding security by mortgage or deed of trust.

The appellee, Grant, having several judgments against

Jones, recovered November 26, 1858, on which execution was duly issued and levied on personal property, J. R. Bryan, as surety, executed with the said defendant Jones a forthcoming bond. This bond was forfeited on or before the first Monday of April, 1859. No further executions were issued until February 26th, 1861.

On the 28th of January, 1861, Bryan executed a deed of trust of his lands and some personal property to Gaines Whitfield, jr., to secure the payment of a promissory note for $43,804 18, made by him in favor of Gaines Whitfield, sr., on the same day, and due January 1st, 1862. This note was made up of a large amount of money loaned at the time, a considerable sum loaned about the same time for which the security was promised, and other money loaned at a prior date without promise of this particular security. The deed was recorded March 9th, 1861.

*Fi. fas.* were issued on Grant's judgments February 26, 1861, and again October 4, 1861, but no more until July 2, 1866, when they were levied on the lands conveyed in the trust deed. Bryan died August 12, 1862.

The bill of the appellants, original and supplemental, seeks to enjoin Grant and the sheriff from selling the lands for the satisfaction of the executions, and to have the assets of the debtor marshaled. An amendment to the bill sets up, as additional ground for relief, that since the filing of the bill Bryan's estate has been declared insolvent, and that Grant's judgments were not filed as claims against it within the time required. The bill was filed September 1, 1866.

When the deed of trust was made, judgments were not themselves liens on property, and the law of executions was, that if an entire term elapsed before the return of an execution and the suing out of another, the lien created by the delivery of the first to the sheriff was lost.—Rev. Code, § 2873. The trust deed, so far as it secured debts created at the date thereof, was valid from its date, inasmuch as it was recorded within three months from that time.—Rev. Code, § 1557. It was also effectual for the security of those

previously contracted from the time of its recording.—Revised Code, § 1558. It therefore intervened and possessed the property, to the exclusion of Grant's judgments, at its date, for that portion of the debt created at the time of its execution. The entire term had then elapsed.

In respect to that part of the debt secured which was contracted previously, the trust deed would come in at the first hiatus in the execution lien. Such an opportunity occurred prior to July 2, 1866, when the execution levied on the lands was issued, because none other had issued since October, 1861, and no stay law or other impediment had prevented it.

The act of February 20, 1866, (Revised Code, § 2876,) created no lien of judgments, but only undertook to preserve any that existed. The act of Dec. 10, 1861, (Acts 1861, p. 33,) which is supposed to have done so, has been declared unconstitutional.—*Martin v. Hewitt*, 44 Ala. 418. There is a rather unintelligible ordinance, No. 47, of the convention of 1865, which seems to have aimed at conferring a partial and temporary privilege of lien in certain cases. A writ of execution, or other process requiring the sale of property, is to be returned by the sheriff endorsed "returned by operation of law," upon being paid the costs due the officers of court, and all of the defendant's property is to "stand for the payment of the debts due by the judgment in such writ or other process." This ordinance was to cease to be a law from the adjournment of the next session of the general assembly, but the lien created was not to be destroyed "so long as said writ or other process shall remain unsatisfied in whole or in part." If it had any validity at all, the lien was restricted to that stayed or returned execution or other process, because no other was to issue to preserve the lien acquired by that, and the legislature was to regulate the matter when it met.

The execution of July 2, 1866, was illegally issued. An alias execution can only issue after the death of the defendant, when there has not been the lapse of an entire

term since the one which was in the hands of the sheriff when the defendant died.—Rev. Code, § 2875.

The requirement of section 2196 of the Revised Code, that all claims against an insolvent estate must be filed before nine months from the declaration of insolvency, applies to judgments rendered before such decree. So far, therefore, as Grant depends on legal remedies for the satisfaction of his judgments, they are barred by his failure to file them.—*Ray v. Thompson*, 43 Ala. 434.

The equity of the bill is settled by the case of *Martin v. Hewitt, supra.*

The decree is reversed, and a decree will be entered in this court perpetuating the injunction as prayed. The costs of this court and of the chancery court will be charged against the appellees.